Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELEAZAR AGUILAR-BOLANOS,<br>ALVARO AGUILAR BOLANOS, and<br>ROSENDO GUTIERREZ, on behalf of themselves,<br>and others similarly situated, | Case No.  15 Civ. 6668 |
| | **COMPLAINT** |
| Plaintiffs, | |
| -against- | |
| 4 A KIDS LLC, dba PINE RESTAURANT,<br>F & J PINE RESTAURANT LLC dba<br>PINE RESTAURANT, and ANTHONY BASTONE, | |
| Defendants. | |

---

Plaintiffs, **Eleazar Aguilar-Bolanos, Alvaro Aguilar-Bolanos, and Rosendo
Gutierrez** (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated
employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this
Complaint against Defendants, 4 A Kids LLC and F & J Pine Restaurant, both doing
business as Pine Restaurant, located at 1913 Bronxdale Avenue, Bronx, New York 10462
(herein "Pine Restaurant"), and Anthony Bastone, individually (collectively, "the
Defendants"), and state as follows:

### INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs Eleazar Aguilar-Bolanos, Alvaro Aguilar-Bolanos, and Rosendo Gutierrez are adult residents of Bronx County, New York.

6.     Upon information and belief, Defendant, Pine Restaurant, is a business entity operating and existing under the laws of the State of New York, with a principal place of business at 1913 Bronxdale Avenue, Bronx, New York 10462.

7.      Upon information and belief, Defendant, Anthony Bastone, is an owner, officer, director and/or managing agent of Pine Restaurant, whose address is unknown at this time, and who participated in the day-to-day operations of Pine Restaurant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Pine Restaurant.

8.      Plaintiff, Eleazar Aguilar-Bolanos, was employed by Defendants in Bronx County, New York, to work as a busboy and cleaner, at Defendants' restaurant known as Pine Restaurant, from on or around October 20, 2011, through June 2015.

9.      Plaintiff, Alvaro Aguilar-Bolanos, was employed by Defendants in Bronx County, New York, to work as a busboy and cleaner, at Defendants' restaurant known as Pine Restaurant, from in or around May 2009, until on or about September 15, 2013.

10.      Plaintiff, Rosendo Gutierrez, was employed by Defendants in Bronx County, New York, to work as a busboy and cleaner, at Defendants' restaurant known as Pine Restaurant, from in or around December 2011, through June 2015.

11.      At all relevant times, Defendants Pine Restaurant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12.      At all relevant times, the work performed by Plaintiffs was directly essential to the restaurant business operated by Pine Restaurant.

13.      At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

3

14.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in direct contravention of the New York Labor Law.

15.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### a.     Eleazar Aguilar-Bolanos

16.     In or about October 2011, Plaintiff, Eleazar Aguilar-Bolanos, was hired by Defendants to work as busboy and cleaner, at Defendants' restaurant known as "Pine Restaurant" located at 1913 Bronxdale Avenue, Bronx, New York 10462.

17.     Plaintiff, Eleazar Aguilar-Bolanos, worked continuously for the Defendants between October 2011 until on or about June 2015.

18.     During Plaintiff Eleazar Aguilar-Bolanos' employment by the Defendants, he worked well over forty (40) hours per week.  Plaintiff Eleazar Aguilar-Bolanos worked five (5) or six (6) days per week, and his work shift consisted of approximately eight (8) hours on weekdays; and approximately eleven (11) to twelve (12) hours on weekends. He generally worked approximately fifty (50) to fifty-eight (58) hours per week.

19.     Plaintiff Eleazar Aguilar-Bolanos was not paid proper wages or overtime compensation. Plaintiff Eleazar Aguilar-Bolanos was paid $5.00 per hour for up to forty (40) hours, and paid no wages for worked performed above forty (40) hours per week. Eleazar Aguilar-Bolanos was not paid for work performed above forty (40) hours per week, in violation of Federal and State law.

4

20.     Plaintiff Eleazar Aguilar-Bolanos was not paid a spread of hours premium when he worked a span of more than ten (10) hours per day.

### b.     Alvaro Aguilar-Bolanos

21.     In or about May 2009, Plaintiff, Alvaro Aguilar-Bolanos, was hired by Defendants to work as busboy and cleaner, at Defendants' restaurant known as "Pine Restaurant" located at 1913 Bronxdale Avenue, Bronx, New York 10462.

22.     Plaintiff, Alvaro Aguilar-Bolanos, worked continuously for the Defendants between May 2009 until on or about September 2013.

23.     During Plaintiff Alvaro Aguilar-Bolanos' employment by the Defendants, he worked well over forty (40) hours per week. Plaintiff Alvaro Aguilar-Bolanos worked five (5) (and occasionally six (6)) days per week, and his work shift consisted of approximately eight (8) hours on weekdays; ten (10) hours on Fridays; seventeen (17) hours on Saturdays; and eleven (11) hours on Sundays, for a total of approximately fifty-six (56) hours per week.

24.     Plaintiff Alvaro Aguilar-Bolanos was not paid proper wages or overtime compensation. Plaintiff Alvaro Aguilar-Bolanos was paid $5.00 per hour for up to forty (40) hours, and paid no wages for worked performed above forty (40) hours per week. Alvaro Aguilar-Bolanos was not paid for work performed above forty (40) hours per week, in violation of Federal and State law.

25.     Plaintiff Alvaro Aguilar-Bolanos was not paid a spread of hours premium when he worked a span of more than ten (10) hours per day.

### c.     Rosendo Gutierrez

26.    In or about December 2011, Plaintiff, Rosendo Gutierrez, was hired by Defendants to work as busboy and cleaner, at Defendants' restaurant known as "Pine Restaurant" located at 1913 Bronxdale Avenue, Bronx, New York 10462.

27.    Plaintiff, Rosendo Gutierrez, worked continuously for the Defendants between December 2011 until on or about June 2015.

28.    During Plaintiff Rosendo Gutierrez's employment by the Defendants, he worked well over forty (40) hours per week. Plaintiff Rosendo Gutierrez frequently worked five (5), and occasionally six (6) days per week, and his work shift consisted of approximately eight (8) hours on weekdays; ten (10) hours on Fridays; for an average total of approximately fifty (50) to fifty-six (56) hours per week.

29.    Plaintiff Rosendo Gutierrez was not paid proper wages or overtime compensation. Plaintiff Rosendo Gutierrez was paid $5.00 per hour for up to forty (40) hours, and paid no wages for worked performed above forty (40) hours per week. Rosendo Gutierrez was not paid for work performed above forty (40) hours per week, in violation of Federal and State law.

30.    Plaintiff Rosendo Gutierrez was not paid a spread of hours premium when he worked a span of more than ten (10) hours per day.

### General Allegations

31.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

32.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime

rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

33.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs for all hours worked, and the New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees.

34.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

35.     Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

36.     Defendants failed to properly provide notice to all tipped employees, including Plaintiffs, that the Defendants were taking a "tip credit".

37.     Defendants failed to keep proper records showing the amount of tips received each day and each week by tipped employees, including Plaintiffs.

38.     Defendants caused tipped employees, including Plaintiffs, to engage in non-tipped duties, which exceeded twenty percent (20%) of each workday, including taking out all garbage; mopping; sweeping; cleaning; shoveling snow; and, cleaning refrigerators.

39.     Defendant, Anthony Bastone, is an individual who, upon information and belief, owns the stock of Pine Restaurant, owns Pine Restaurant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

7

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

40.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "39" of this Complaint as if fully set forth herein.

41.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

43.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44.     Plaintiffs and other similarly situated employees worked hours for which they were not paid any wages.

45.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and other similarly situated employees employees, for some or all of the hours they worked.

46.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum (or their regular rate of pay, if higher) for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     Defendants failed to pay Plaintiffs and other similarly situated employees overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for all hours worked, and by failing to compensate Plaintiffs at the statutory minimum wage rate for all hours worked and the statutory overtime rate of time and one-half their regular hourly rate for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for all hours worked.

51.     The Plaintiffs did punch a time clock; yet the Defendants failed to make, keep and preserve accurate records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are believed to be inaccurate and/or false.

9

53.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.     At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Defendants knowingly and willfully violated Plaintiffs and other similarly situated employees' rights by failing to pay them minimum wages in the lawful amount for hours worked.

60.     Defendants knowingly and willfully violated Plaintiffs and other similarly situated employees' rights by failing to pay then overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

61.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

62.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [New York Wage Theft Prevention Act Written Notice Requirements]

63.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day, on an annual basis.

65.     The New York State Wage Theft Prevention Act, effective April 2011, requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages. N.Y. Lab. Law § 195(1)(a)

66.     Plaintiffs not provided with an accurate wage statement as required by law. This was done with the intention of, and with the effect of, misleading the plaintiffs.

67.     Employees may recover in a civil action damages of fifty dollars ($50.00) for each work week that the violations occurred or continue to occur, but not to exceed a

total of two thousand five hundred dollars ($2,500) per employee, per year, together with costs and reasonable attorney's fees. N.Y. Lab. Law § 198(1-b).

68.    Defendants did not provide accurate written notices as required by the New York Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Eleazar Aguilar-Bolanos, Alvaro Aguilar-Bolanos, and Rosendo Gutierrez, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)    An award of unpaid minimum wages due plaintiffs under the FLSA and New York Labor Law plus compensatory and liquidated damages, and interest;

(c)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(e)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

12

(g)     An award of costs and expenses of this action together with reasonable

        attorneys' and expert fees;

(h)     An award of prejudgment and post-judgment interest; and

(i)     Such other and further relief as this Court deems just and proper.

Dated: New York, New York
        August 21, 2015

                            Respectfully submitted,

                            By:_____
                                 Peter H. Cooper  (PHC 4714)
                            CILENTI & COOPER, PLLC
                            **Attorneys for Plaintiffs**
                            708 Third Avenue – 6th Floor
                            New York, NY 10017
                            Telephone  (212) 209-3933
                            Facsimile  (212) 209-7102
                            pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Eleazar Aguilar. Bolanos_ , am an employee formerly

employed by _Pine Restaurant_ , and/or related entities.  I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Aug 18_ , 2015

Sworn to before me this _18th_
day of _August_ 2015.

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Alvaro Aguilar_ , am an employee formerly

employed by _F&J Pine Restaurant_ , and/or related entities. I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Aug 18_ , 2015

Sworn to before me this _18_
day of _August_ 2015.

Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Rosendo Gutierrez_, am an employee formerly

employed by _Pine Restaurant_, and/or related entities.   I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_August 21_ , 2015

_____

Sworn to before me this _21_
day of _April_ 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20_18_